962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellant,
v.
Ronald D. BRAKKE, Appellee,
UNITED STATES OF AMERICA, Appellee,
v.
Ronald D. BRAKKE, Appellant.
 Nos. 91-3051ND, 91-3294ND.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 11, 1992.
Filed: May 7, 1992.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In case number 91-3294, Ronald D. Brakke appeals his conviction for willfully interfering with the administration of the Internal Revenue Code in violation of 26 U.S.C. § 7212(a), and for filing false tax returns under penalty of perjury in violation of 26 U.S.C.s 7206(1). In case number 91-3051, the United States appeals the district court's[1] judgment of acquittal after a jury found Brakke guilty of three counts of making false statements to the court in order to obtain court-appointed counsel and avoid paying filing fees on appeal, in violation of 18 U.S.C. § 1623. We affirm both decisions.
 
 
 2
 In case number 91-3294, Brakke was charged in a twelve count indictment with various tax offenses. Brakke sent various individuals 1099 forms and then filed the 1099s with the IRS, falsely reporting that he had paid the individuals income of over $6,000,000. On appeal, Brakke first challenges the district court's admission of "other act" evidence on the grounds the evidence was cumulative, prejudicial and in contravention of Fed. R. Evid. 403 and 404(b). Because the district court has broad discretion in admitting evidence, we will not overturn its decision unless the evidence has no bearing upon any issues in the case. United States v. Dobynes, 905 F.2d 1192, 1195 (8th Cir.), cert. denied, 111 S. Ct. 206 (1990) (citation omitted). The central issue in this case was whether Brakke acted willfully in sending the false 1099s and the district court did not abuse its discretion in admitting evidence of Brakke's incomplete efforts to send other 1099s.
 
 
 3
 Second, Brakke argues the court erred in excluding the testimony of Harold Bergman who would have bolstered Brakke's good faith defense to count twelve of the indictment. Brakke contends that Bergman would have testified to the underlying reasons, facts and circumstances that led Brakke to file the 1099s against two Special Assistants of the Attorney General's Office in Minnesota. The court excluded the witness' testimony because it had no bearing on the issues raised at trial and would only serve to confuse the jury. It is within the district court's discretion to determine the relevancy and admissibility of evidence, and we conclude the court did not abuse its discretion in excluding the proffered testimony. United States v. Clifford, 640 F.2d 150, 152 (8th Cir. 1981).
 
 
 4
 Third, Brakke argues the district judge should have recused himself from the case due to his previous employment with the United States Attorney's office. We disagree. A district judge does not abuse his discretion by not recusing himself unless it can be shown that he took part in the actual proceeding against the defendant. United States v. DeLuna, 763 F.2d 897, 908 (8th Cir.), cert denied, 474 U.S. 980 (1985). Judge Webb resigned as United States Attorney in 1987 and this investigation did not begin until 1989; there is no evidence that Judge Webb took part in Brakke's investigation and he did not abuse his discretion in hearing this case.
 
 
 5
 Finally, Brakke argues the district court erred in imposing a three-level enhancement under § 3A1.2 of the Sentencing Guidelines on the basis that the victims of the crime were "official victims." He argues his only victim was the IRS, and therefore, the enhancement does not apply. We disagree. Brakke's filing of false 1099s affected the taxpayers who received the forms, several of whom were law enforcement officers; thus, the district court properly imposed the three-level enhancement. United States v. Hildebrandt, No. 91-2360, slip op. at 8 (8th Cir. April 3, 1992).
 
 
 6
 In case number 91-3051, the government argues Brakke's statements made to the district court concerning his financial situation were material and relevant to the court's determination of whether to appoint counsel and waive appellate fees. The district court held it was not influenced by Brakke's failure to divulge all aspects of his financial status because it was aware of, and considered, only his true financial status. Although this court does not condone perjury, we affirm the district court based on the unusual factual circumstances of this case. Brakke's unique views on property ownership were well known to the court, and coupled with the court's awareness that there were a number of unsatisfied judgments against Brakke, the court in its discretion held that the false statements were not material and therefore could not form the basis of a conviction under 18 U.S.C. § 1623.
 
 
 7
 For the foregoing reasons, we affirm the judgment of the district court in case numbers 91-3051 and 91-3249.
 
 
 
 [1]
 The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota